IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHELLEY MARTINEZ,

        Plaintiff,

vs.                                            No. CIV 04-0381 DJS/ACT

STATE OF NEW MEXICO,
NEW MEXICO DEPARTMENT OF
LABOR, JACKIE INGLE, HOWARD
WILLIAMS, JOEL KORNGUT,
ROBERT CASWELL INVESTIGATIONS,
INC., ROBERT CASEY, KARL WIESE,
AND LEROY LUCERO,

        Defendants.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** is before the Court on (1) New Mexico Department of Labor's and the Individual State Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) **[Doc. No. 21]**, filed July 15, 2004 and (2) Defendants' Robert Caswell Investigations, Inc., Robert Casey, Karl Wiese, and Leroy Lucero, Motion to Dismiss Pursuant to Rule 12(b)(6) and Supporting Argument **[Doc. No. 24]**, filed July 21, 2004. Defendants contend Plaintiff has failed to set forth factual allegations to state a claim for class action relief and also failed to state any allegations in support of her claim under 42 U.S.C. § 1985. On August 16, 2004, the parties filed a Stipulated Dismissal of Plaintiff's Claim Under 42 U.S.C. § 1985 Without Prejudice. Thus, the only issue before the Court is whether Plaintiff has properly stated a claim for class action relief. Having considered the motion, the memoranda in support and in opposition, and the relevant law and being

otherwise fully informed, the Court finds that Defendants' motions are not well taken and will be denied.

## I.  Standard of Review

In ruling on a motion to dismiss, the court must accept the factual allegations of the complaint as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Liebson v. New Mexico Corrections Dep't*, 73 F.3d 274, 275 (10th Cir. 1996).  The court may dismiss only if it is clear that plaintiff cannot prove any facts entitling him to relief, or that the court could not grant relief under any set of facts plaintiff could prove consistent with his allegations.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Buckley Constr. Inc. v. Shawnee Civic & Cultural Dev. Auth.*, 933 F.2d 853, 855 (10th Cir. 1991).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)(quotation omitted).  In reviewing the sufficiency of a complaint, the issue is not whether the plaintiff will prevail but whether the plaintiff is entitled to offer evidence to support his claims.  *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002), *cert. denied*, 538 U.S. 999 (2003).  The court construes the facts, and the reasonable inferences that might be drawn from them, in favor of the plaintiff.  *Beard v. City Northglenn, Colo.*, 24 F.3d 110, 115 (10th Cir. 1994).

## II.  Discussion

In order to maintain a class action, Plaintiff must establish the following criteria: (1) that the class is so numerous that joinder of all members is impractical, i.e, numerosity; (2) that there are common questions of law or fact, i.e., commonality; (3) that the claims or defenses of the

representative parties are typical of those of the class, i.e., typicality; and (4) that the representatives will fairly and adequately protect the class interests, i.e., adequate representation. Fed.R.civ.P. 23(a). A complaint in a class action should allege facts pertinent to the maintainability of the action on behalf of the class. *Peak v. Topeka Housing Authority, City of Topeka*, 78 F.R.D. 78 (D.Kan. 1978). In *Peak*, the court stated:

> When sufficient allegations of fact appear to support the inference of the existence of a class, a court can find Rule 23 satisfied without the necessity that the criteria of Rule 23 be set forth with specificity on the face of the complaint. However, when all that appears in the complaint is a recitation of the requirements of Rule 23, a simple allegation that these requirements are satisfied, or the bald conclusion that a defendant has violated a statute in every possible fashion with regard to all its black employees, the court can make no such determination.

*Id.* at 83 (internal citation and quotation omitted). *Peak* concerned a black female employed by Defendant Topeka Housing Authority. Plaintiff challenged the employment practices of Defendant Topeka Housing Authority. Plaintiff's counsel was well known to the court for filing "form documents" and engaging in "production-line practice" without giving "individualized thought to the demands and parameters of [each] case as an individualized lawsuit, against a distinct and particular defendant, arising out of identifiable and articulable claims." *Id.* at 84-85. The court found plaintiff's complaint so "defective and inadequate" that "nothing in the [ ] complaint indicate[d] that plaintiff or her counsel ha[d] any idea of the parameters of the proposed class or the direction discovery should take." *Id*. at 83. Moreover, the court found plaintiff's complaint contained "absolutely no proper factual allegations regarding the nature, or even existence, of plaintiff's individual complaint." *Id.* at 84. The court found plaintiff's "[b]ald allegations of illegality, unsupported by any substantial facts," inadequate to withstand a motion to dismiss. *Id.* at 85.

In this case, Plaintiff's Complaint has alleged sufficient facts to "support an inference of an existing class." It would be premature to dismiss Plaintiff's claim for a class action at this juncture. Accordingly, Defendants' motions are denied.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**